UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID PAUL ROBERTS,<br><br>Defendant. | Case No. 1:19-cr-00135-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 157). Defendant David Paul Roberts opposes the Motion. *See Opposition to Government's Motion*, Dkt. 160. The parties filed several other submissions in support of their respective positions which the Court has considered. *See* Dkts. 161, 162, 163, 165, 166, and 167.

For the following reasons, the Court will grant the Government's Motion to Authorize Payment.

## BACKGROUND

Mr. Roberts was found guilty following a plea to a charge of theft of firearms aiding and abetting. On March 2, 2020, the Court imposed a term of

MEMORANDUM DECISION AND ORDER - 1

imprisonment of 120 months, a term of supervised release of three years, a special assessment of $100, a fine of $5,000.00, and restitution of $165,451.00 payable jointly and severally with his co-Defendants. *Judgment,* Dkt. 131. The Judgment also provided that payment of the monetary penalties was to begin immediately with nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. *Id.* at 7. The sentence was to run concurrently with the 300-month sentence imposed the same day in Case No. 1:18-cr-00401-DCN following Mr. Roberts' plea of guilty to the charge of possession of methamphetamine with intent to distribute. *Judgment*, Dkt. 312 in Case No. 1:18-cr-00401-DCN.

Mr. Roberts is in the custody of the Bureau of Prisons (BOP) and currently housed at FCI Victorville Medium I with a scheduled release date of March 29, 2040. *See* https://bop.gov/inmateloc/ (last accessed August 26, 2022).

At the time the Government filed its Motion, it asserted that Mr. Roberts had paid nothing towards his monetary penalties leaving a total balance of $153,649.60 after factoring in payments made by his co-Defendants towards the joint and several restitution liability. *Gov't. Mot*. at 2. That amount has since been reduced to $150,965.52 due to further payments made by his co-Defendants. *Gov't Reply* at 2. Also, at the time the Government filed its Motion, the BOP had in its custody $1,856.89 belonging to Roberts. *Gov't. Mot.* at 2.

**MEMORANDUM DECISION AND ORDER - 2**

Mr. Roberts stated that as of August 4, 2021, his prison trust account had a balance of $1,964.78 consisting of funds from his plumber's wages, small gifts from family, and $1,400 in CARES Act funds otherwise known as a federal stimulus payment. *Roberts' Opp'n* at 2. He contends that he has met the payment schedule set forth in the Judgment and "has not tried to hide or spend down his funds." *Roberts' Opp'n* at 3 and Attach. 2-1. Finally, he cites several BOP Policy Statements and statutes to support his contention that the seizure of his funds is prohibited.[1] *Id*. at 3-4. Mr. Roberts concludes that denying him access to his account is a "significant and atypical hardship." *Id*. at 4.

In its Reply, the Government asserted that $600 deposited in the account on January 15, 2021, was also a stimulus payment, that Mr. Roberts received $825 in gifts from family and friends, and that his prison wages were only $58.89. *Gov't. Reply* at 3. Mr. Roberts has not disputed those assertions in his subsequent filings. The Government further noted that, in addition to the Judgment's directing that all

---

[1] The Court rejects Mr. Roberts' contention that the BOP did not have the right to seize his funds. The Court refers to the BOP Trust Fund/Deposit Fund Manual supporting the BOP's seizure of his funds after receiving notification from the Government of its intent to seek a court order for those funds:

> An encumbrance may be made for various reasons . . . . Encumbrances are at the Warden's discretion or the result of a disciplinary hearing sanction *or notification of a pending Federal court order*.

https://www.bop.gov/policy/progstat/4500.12.pdf (emphasis added).

**MEMORANDUM DECISION AND ORDER - 3**

monetary penalties are due and payable immediately, the minute entry states that collection efforts under 18 U.S.C. § 3613 may proceed regardless of payment orders. *Reply* at 2 (citing Dkt. 130). Finally, the Government noted that both the fine and the restitution are delinquent and in default. *Id*. (citing 18 U.S.C. §§ 3572(h) and (i)).

## LEGAL STANDARD

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613 and 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or against whom an order of restitution is issued, with some specified exceptions. 18 U.S.C. § 3613(a), (c), (f). The "restitution order' is a self-perfecting lien and the lien is self-executing. *See, e.g., United States v. Korbe*, No. 2:09-cr-0005-NR, 2020 WL 1929256, at *7-8 (W.D. Pa. April 21, 2020) (noting that turnover of an inmate account can be ordered without notice or recording). The specified exceptions in 18 U.S.C. § 3613(a)(1) do not apply to property in the form of cash, and in particular do not apply to cash held in an inmate trust account. *Id*. at *2. *See also United States v. Fischer*, No. CR 3:17-374, 2021 WL 120842, at *2 (M.D. Pa. Jan. 13, 2021).

Moreover, the Mandatory Victims' Restitution Act (MVRA) requires, "If a

person obligated to provide restitution, or pay a fine, receives substantial resources from *any* source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added).

As specifically relevant here, federal stimulus payments are considered "substantial resources" to be applied to outstanding obligations. *United States v. Schwartz*, No. 20-CR-6033-FPG, 2022 WL 537621, at *2 (W.D.N.Y. Feb. 23, 2022) (noting that "[O]ther courts have reached the same conclusion.") (citations omitted). Unlike in 18 U.S.C. § 3664(k) addressing a material change in a defendant's economic circumstances, there is no statutory requirement that a court first evaluate a defendant's financial circumstances prior to ordering payment. *Id*. at *3 (citing 18 U.S.C. § 3664(n)); *see also Korbe*, 2020 WL 1929256, at *3.

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions provided the judgment contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004); *United States v. Webb*, No. CR-10-01071-001-PHX-JAT, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F. 3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule

MEMORANDUM DECISION AND ORDER - 5

does not preclude [] the Government from using other available collection mechanisms to seek payment of monetary penalties").

In another context, this Court has also held that collection efforts are not barred due to court-imposed payment schedules or compliance therewith. *See United States v. Robison*, No. 4:13-CR-119-BLW, 2014 WL 5810919, at *2 (D. Idaho Nov. 7, 2014) (holding that the payment schedule in a criminal judgment is "simply a minimum payment amount . . . never intended to bar other collection efforts . . . ."); *United States v. Kuehler*, No. CR-05-60-E-BLW, 2006 WL 2981831, at *2 (D. Idaho Oct. 16, 2006) ("[A]ny schedule established by a court for payment of restitution does not prevent the United States from levying on a defendant's property to satisfy the order of restitution."). *See also*, *Korbe*, 2020 WL 1929256, at *5-6 (installment payment plans are floors and payment schedule may be accelerated whether or not in default).

## ANALYSIS

Here, the Government clearly has a lien against the funds in Mr. Roberts' inmate trust account. Those funds are not exempt from collection. The Judgment against him does not contain any statement precluding the immediate or adjusted enforcement of the monetary penalties, nor is it worded in terms of limiting the amount of payment due. *See Judgment* at 6-7.

Mr. Roberts' trust account transaction statement shows that he made only two $25 quarterly payments under the Inmate Financial Responsibility Program towards his obligations over approximately an 8-month period. *Opp'n*, Attach. 2-1. But whether he made any or no such payments, the Government is not precluded from pursuing collection of the balance. Furthermore, stimulus payments of $2,000.00 and funds received from family and friends of $825.00 constitute substantial resources that must be applied to Mr. Roberts' obligations. Even if the $825 does not qualify as a substantial resource under § 3664(n), it is subject to the Government's lien under § 3613. The only portion of Mr. Roberts' prison account that is attributable to wages is $58.89. The Government has agreed, without waiving an argument in this or other cases, that Mr. Roberts may keep those wages. *Reply* at 9-10.

As discussed above, Mr. Roberts, at the time the Government's Motion was filed, owed $153,649.60 on the monetary penalties imposed as part of his sentence. As of September 3, 2021, the date the Government filed its Reply, the amount owed had decreased to $150,965.52. *Reply* at 2. The Court will grant the Government's motion and require the BOP to deliver to the Clerk of the Court funds in Mr. Roberts' inmate trust account in an amount set forth below.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

**IT IS ORDERED** that:

1. The Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 157) is **GRANTED**.

2. The Bureau of Prisons shall deliver to the Clerk of the Court from Defendant David Paul Roberts' inmate trust account all funds not to exceed $150,965.52 less any amounts paid on the fine and restitution obligations since the Government's Reply was filed and less the $58.89 Mr. Roberts earned in prison wages.

3. The Clerk of the Court shall apply these funds as payment towards the monetary penalties owed by Defendant David Paul Roberts.

DATED: October 4, 2022

B. Lynn Winmill
United States District Judge