UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 1:19-cr-00135-BLW |
| Plaintiff, | 1:18-cr-00401-BLW |
| v. | MEMORANDUM DECISION AND ORDER |
| DAVID PAUL ROBERTS, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant David Paul Roberts' Motion to Reduce

Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 168.[1] The Government

opposes the motion. After considering the briefing and record, the Court will deny

the motion.

## BACKGROUND

Mr. Roberts pleaded guilty to possession of methamphetamine with intent to

distribute, Case No. 1:18-cr-00401-BLW, and theft of firearms, Case No. 1:19-cr-

00135-BLW. In March 2020, the Court sentenced him to incarceration for 300

---

[1] Unless otherwise indicated, all docket citations in this Order reference Case No. 1:19-cr-00135-BLW.

months on the drug charge and 120 months on the gun charge, to run concurrently, followed by five years' supervised release. Judgment, Dkt. 131. As of the issuance of this Order, Mr. Roberts has served roughly four years of his 25-year sentence and his projected release date is March 29, 2040. *See* https://www.bop.gov/inmateloc (last visited July 20, 2023).

Mr. Roberts is sixty-three years old and is incarcerated at FCI Terminal Island. In May 2022, Mr. Roberts asked the Warden to consider reducing his sentence based on his purported physical and mental health complications. *See Inmate Request*, Ex. A, Dkt. 168-1. That request was denied and, in August 2022, he filed this Motion to Reduce Sentence (Dkt. 168) arguing that there are "extraordinary and compelling" reasons to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

## LEGAL STANDARD

Mr. Roberts seeks a sentence reduction under 18 U.S.C. 3582(c)(1)(A), which provides one narrow exception to the general rule that courts cannot modify sentences of imprisonment. To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant

MEMORANDUM DECISION AND ORDER - 2

compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* Case No. 2:18-CR-00048-CAS–1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## ANALYSIS

Mr. Roberts has exhausted his administrative remedies and his motion is properly before the Court. Turning to § 3553(a) factors, however, no sentence reduction is warranted. Mr. Roberts has not shown how a sentence reduction is justified considering the nature and circumstances of the offense or his history and characteristics. Nor has he explained how a sentence reduction would adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

1.    **The nature and circumstances of the offense do not support a sentence reduction.**

Mr. Roberts committed two very serious felonies. First, he participated in a large-scale drug trafficking operation involving over 15 kilograms of

MEMORANDUM DECISION AND ORDER - 3

methamphetamine. Case No. 1:18-cr-401-BLW, Plea Agreement, Dkt. 182. A

leader in the conspiracy, he was heavily involved for an extended time and,

ultimately, was arrested while in possession of over 12 pounds of

methamphetamine. Case No. 1:18-cr-401-BLW, PSR ¶ 30, Dkt. 240. Second, he

engaged in and recruited others to assist with a plot to steal and sell over one

hundred firearms and ammunition. Case No. 19-cr-135-BLW, PSR ¶¶ 38–46, Dkt.

91. The nature of these offenses, together with Mr. Roberts' extensive criminal

history, resulted in a guideline sentencing range of 360 months to life. Case No.

1:18-cr-401-BLW, Statement of Reasons, Dkt. 318.[2]

Mr. Roberts fails to explain why a sentence reduction is appropriate given

the nature of his offenses. Referring to the crimes of conviction as "so-called

criminal activities," and recalling an "inchoate sense that he was being set up," Mr.

Roberts argues that his role in the drug operation was "exaggerat[ed]" at

sentencing and that he lacked the "education" to organize such a large-scale drug-

trafficking scheme. *Def.'s Reply* at 4, Dkt. 175-1.

------

[2] Mr. Roberts argues that the Court should have granted a variance to reflect the guideline disparity between actual and mixture meth guidelines. But as the Government notes, that disparity was already considered when the parties based their Plea Agreement (which the Court relied upon in calculating the proper offense level) on the mixture meth guidelines, not the actual meth guidelines. *Gov.'s Resp.* at 2, n.1, Dkt. 170. Any further reduction at this stage would be duplicative.

**MEMORANDUM DECISION AND ORDER - 4**

But Mr. Roberts' belated attempts to diminish his culpability are too little, too late. First, they contradict his own admissions, reflected in the Plea Agreement, characterizing his role in the drug-trafficking operation. Case No. 1:18-cr-401, Plea Agreement at 8, Dkt. 182 ("The parties agree the Defendant should receive a two-level increase for his role in the offense, pursuant to USSG § 3B1.1."). Moreover, the Court thoroughly reviewed the Presentence Investigation Report and both parties' sentencing memoranda prior to sentencing. Based on that information, the Court imposed a sentence commensurate with his degree of involvement and culpability in both criminal activities. *See* Case No. 1:18-cr-401-BLW, *Sentencing Tr.* at 38-42, Dkt. 372 ("When one adds the drugs and drug distribution with firearm theft and firearm distribution, that simply ramps up the seriousness of the crime. . . . [T]his is a case where I think a long prison sentence just is absolutely necessary[.]").

In short, nothing that Mr. Roberts has said here persuades the Court that the sentence imposed is inconsistent with the nature and circumstances of his offenses.

2.     **Mr. Roberts' history and characteristics do not support a sentence reduction.**

The primary basis for Mr. Roberts' motion is his purported physical and mental health conditions. *See Motion* at 1, Dkt. 168; *Def.'s Reply* at 8–12, Dkt. 175. Summed up in his own words, he is a "fat, old man with multiple serious

medical problems" and no desire to continue living a life of crime. *Def.'s Reply* at

13, Dkt. 175-1.[3]

Sad as Mr. Roberts' condition may be, federal prisons are full of "fat, old

m[e]n with multiple serious medical problems" who would rather be free than

confined. There is simply nothing extraordinary or compelling about falling into

that category. Obesity, hypertension, diabetes, Hepatitis C: all are unfortunate. But

none are "get out of jail free" cards.[4] This is especially true where the Court was

aware of and duly considered all these factors at sentencing. *See* Case No. 1:18-cr-

401-BLW, *Sentencing Tr.* at 41:3–15, Dkt. 372.

Mr. Roberts also argues that his advanced age supports a sentence reduction

because it reduces his risk of recidivism. But there is nothing extraordinary or

compelling about being sixty-three years old. To the contrary, the Court

specifically considered Mr. Roberts' age at sentencing, noting: "[t]he fact that Mr.

---

[3] Mr. Roberts also indicates that his underlying health issues put him at an increased risk of suffering serious illness if he contracts COVID-19. This argument fails for several reasons, the most obvious being that whatever the current risk of COVID-19 in Mr. Roberts' facility, his request to reduce his sentence from 300 months to 210–262 months would do nothing to mitigate that risk. Accordingly, regardless of the risk that COVID-19 currently poses to Mr. Roberts, that risk is not a compelling reason to reduce his sentence from 25 years to 17.5 years.

[4] Mr. Roberts also reports a "lack of timely access to sick call & chronic care" at his facility. *Def.'s Reply* at 10, Dkt. 175-1. That broad complaint is unconvincing. Moreover, Mr. Roberts fails to explain why that fact—even if true—justifies the sentence reduction he seeks.

**MEMORANDUM DECISION AND ORDER - 6**

Roberts chose to become involved in drug trafficking in such a massive way so late in life gives [the Court] a great deal of concern that he may well return to that point almost no matter when he is released." *Id.* at 42:20–43:2.

Finally, Mr. Roberts explains that a sentence reduction is appropriate because learning disabilities as a child and years of substance abuse "socialized him into the drug & criminal underworld, which resulted in diminished capacity to observe mainstream social norms[.]" *Def.'s Reply* at 6, Dkt. 175-1. That analysis may be valid as a matter of psychology. But it does not justify a sentence reduction. Defense counsel made the very same argument in his Sentencing Memorandum filed in Mr. Roberts' drug-trafficking case. *Def.'s Sentencing Memo.* at 2–3, Dkt. 298.[5] And the Court duly considered that argument in arriving at a sentence.

In sum, neither Mr. Roberts' age nor his purported physical and mental health conditions constitute extraordinary and compelling reasons to reduce his

---

[5] Mr. Roberts also asserts that his attorney was "utterly ineffective" at the sentencing hearing because he failed to "elicit appropriate consideration" of Mr. Roberts' health conditions. *Def.'s Reply* at 6, Dkt. 175-1. But even if ineffective assistance of counsel is a viable basis for compassionate release under § 3582(c), Mr. Roberts' assertion is belied by the record. Defense counsel did specifically raise Mr. Roberts' mental and physical health concerns both in his written Sentencing Memorandum (Case No. 1:18-cr-401-BLW, Dkt. 298 at 2–3) and verbally at sentencing (Case No. 1:18-cr-401-BLW, Sentencing Tr. at 29:17–25, Dkt. 372).

**MEMORANDUM DECISION AND ORDER - 7**

sentence.

**3.      None of the other § 3553(a) factors support a sentence reduction.**

Mr. Roberts has not shown how a sentence reduction comports with the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or provide him with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(A)–(D). On the contrary, as the Court explained at sentencing, a "very long prison sentence" in this case is "absolutely necessary" to accomplish these ends. Case No. 1:18-cr-401-BLW, *Sentencing Tr.* at 42:5–23, Dkt. 372.

Under these circumstances, the Court will deny Defendant's motion to reduce sentence.

## ORDER

**IT IS ORDERED** that Defendant David Paul Roberts' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 168) is **DENIED**.

DATED: August 1, 2023

_____
B. Lynn Winmill
U.S. District Court Judge